Dykman, J.
This cause has encountered the vicissitudes usually incident to *770 border cases, but the court of appeals decided that the questions involved are questions of fact proper for the jury, and the cause has now been tried in obedience to that decision and a verdict has been awarded to the plaintiff. All the questions of fact involved were strenuously litigated on the last trial, and much more testimony was introduced respecting the sufficiency of the elevator than on the other trials; yet the testimony served only to raise a question of fact for the jury, and a refusal to submit the whole case to the jury would have been erroneous. The charge to the jury was all the defendant could claim and substantially all that was requested, and but few exceptions were taken thereto. There was an exception to so much of the charge as refers to plaintiff’s duty to give directions under certain circumstances, but it is quite too uncertain and points out no specific error which could have been corrected; also as to the immateriality of the question of -pushing or pulling the car off. The trial judge submitted the whole question to the jury and then made a remark expressive of his individual views, but as he did not assume to control the jury the remark was not so irrelevant or improper as to require a reversal of the judgment. There was plainly no error in the charge respecting the head room above the cross-beam, for the whole question was submitted to the jury with great fairness. There was an exception to the charge respecting the deprivation of enjoyment, but there is nothing in the charge to which the exception can refer. The exceptions of the defendant to the admission and exclusion of testimony have all been examined and no errors discovered. It is claimed by the defendant that the verdict is excessive in amount, and we are requested to interfere and set it aside for that reason; and while it is large in amount yet it is not outrageous, neither is it so excessive as to justify an inference that tire jury was influenced by improper motives. There is nothing in the case to justify even a suspicion of the prejudice of partiality or corruption, and under such circumstances the appellate courts interfere with verdicts with great reluctance. The verdict seems to be the result of fair consideration and full deliberation, and we discover no cause to justify our interference by reason of its amount alone.
The judgment and order denying the motion for a new trial should be affirmed, with costs.
Barnard, J., concurs.